IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEYDA RIVAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. ____________ |
| | § | |
| BRIAN CARL WHITE AND | § | |
| HAPPY SNAPPY AUTO TRANSPORT, INC. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ONEYDA RIVAS, hereinafter referred to as Plaintiff, complaining of BRIAN CARL WHITE and HAPPY SNAPPY AUTO TRANSPORT, INC., hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court as follows:

1. Plaintiff is an individual who is a resident of Harris County, Texas.

2. Defendant BRIAN CARL WHITE (hereinafter referred to as Defendant WHITE) is an individual who, upon information and belief, is a citizen of the State of Kansas. Thus pursuant to §17.044(b), V.T.C.A., Civil Practice and Remedies Code, the Secretary of State of Texas is an agent for service of process on this Defendant and may be served by serving duplicate copies of process upon the Secretary of State of Texas, 1019 Brazos Austin, Texas 78701. The Secretary of State of Texas immediately upon being served with said process shall immediately mail a copy of the process to said Defendant WHITE at Defendant's home at 311 West 15th Street, Harper, Kansas 67058, by registered mail, or certified mail/return receipt requested in accordance with §17.044(a) and §17.045, V.T.C.A., Civil Practice and Remedies Code.

3. Defendant HAPPY SNAPPY AUTO TRANSPORT, INC. (hereinafter referred to as Defendant HAPPY SNAPPY AUTO) is a corporation organized under the laws of the State of North Carolina with its principal place of business therein. Defendant is a foreign corporation, and therefore a non-resident, who engages in business within the meaning of §17.042, V.T.C.A., Civil Practice and Remedies Code in the State of Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. Thus pursuant to §17.044(b), V.T.C.A., Civil Practice and Remedies Code, the Secretary of State of Texas is an agent for service of process on this Defendant and may be served by serving duplicate copies of process upon the Secretary of State of Texas, 1019 Brazos Austin, Texas 78701. The Secretary of State of Texas immediately upon being served with said process shall immediately mail a copy of the process to said Defendant's registered agent, Lacy Daniel, at 240 Gentlemans Ridge Road, Pelham, North Carolina 27311 or, if no registered agent can be found, then through the Secretary of State of Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.044.

4. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy vastly exceeds the sum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C §1391(a) because Defendants continuously and systematically do business within the Southern District of Texas, are subject to personal jurisdiction in the Southern District of Texas, and are deemed residents of the Southern District of Texas pursuant to 28 U.S.C. §1391(c). This Court possesses jurisdiction over the subject matter of this controversy.

6. On or about April 20, 2023, at approximately 12:15 p.m., Plaintiff was traveling westbound in the 10200 block of Bissonnet Street in Houston, Harris County, Texas, operating a 2016 Nissan Xterra. At the same time, Defendant WHITE, while in the course and scope of employment with Defendant HAPPY SNAPPY AUTO, was operating a 2014 International Prostar commercial tractor with a trailer (Unit #3) southbound in the 9600 block of the West Sam Houston Parkway. At the intersection of Bissonnet Street and the West Sam Houston Parkway, Defendant WHITE disregarded a red traffic signal, proceeded into the intersection, and collided with Plaintiff's vehicle. Defendant WHITE was acting within the course and scope of his employment with Defendant HAPPY SNAPPY AUTO at all times relevant to this lawsuit.

7. Plaintiff would respectfully show that nothing she did nor failed to do caused or in any way contributed to cause the occurrence in question. On the contrary, the collision in question was proximately caused by the failure of Defendant WHITE to operate his vehicle with ordinary care and by their driver's violations of the statutes of the State of Texas in some one or more of the following particulars:

(a) In that Defendant WHITE operated the vehicle which he was driving in a careless and reckless manner, in violation of Statute 545.401 of the Texas Transportation Code;

(b) In that Defendant WHITE failed to keep a proper lookout for other vehicles at the time of and on the occasion made the basis of this suit, in violation of Statute 545.060 of the Texas Transportation Code;

(c) In that Defendant WHITE failed to keep the vehicle which he was driving under reasonable and proper control, in violation of Statute 545.060 of the Texas Transportation Code;

(d) In that Defendant WHITE disregarded a red traffic signal and thus proceeded into an intersection when it was unsafe to do so, in violation of the Statutes of the Texas Transportation Code;

(e) In the Defendant WHITE failed to control the speed of the vehicle, in violation of the Statutes of the Texas Transportation Code;

(f) In that Defendant WHITE failed to keep a proper lookout, in violation of the Statutes of the Texas Transportation Code;

(g) In that Defendant WHITE failed to yield the the right-of-way;

(h) In that Defendant WHITE failed to timely apply his brakes;

(i) In that Defendant WHITE failed to take proper evasive action; and

(j) In more particularity to be shown at the time of trial.

8. Each and all of the above and foregoing acts on the part of Defendant WHITE, both of omission and commission, singularly or in combination with others, were negligent and constituted negligence, negligent entrustment and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

9. Defendant WHITE's conduct described above constituted violations of applicable statutes and ordinances, including but not limited to Texas Transportation Code provisions regarding obeying traffic signals, yielding right-of-way, and the duty to maintain a safe speed and lookout. Defendant WHITE's statutory violations constitute negligence per se and proximately caused Plaintiff's injuries and damages.

10. Plaintiff was a member of the class that such statutes were designed to protect, and her injuries resulted from the kind of harm these statutes were designed to prevent.

11. Further, Defendant HAPPY SNAPPY AUTO is legally responsible to Plaintiff for the negligent conduct of Defendant WHITE under the legal doctrines of respondeat superior, agency and/or ostensible agency, because Defendant WHITE was at all times material hereto an agent, ostensible agent, servant, and/or employee of Defendant HAPPY SNAPPY AUTO and was acting

within the course and scope of his employment. Further, the truck being operated by Defendant WHITE was owned, maintained and/or operated by Defendant HAPPY SNAPPY AUTO, and said Defendant is responsible to Plaintiff for her damages for any negligent maintenance of the vehicle or supervision of Defendant WHITE which was a proximate cause of the occurrence in question. Under the doctrine of respondeat superior, Defendant HAPPY SNAPPY AUTO TRANSPORT, INC. is vicariously liable for the negligent conduct of its employee, Defendant WHITE.

12. Defendant HAPPY SNAPPY AUTO had a duty to use ordinary care in hiring, training, supervising, and retaining competent employees. Defendant HAPPY SNAPPY AUTO breached this duty by:

(a) Failing to properly screen and investigate Defendant WHITE before hiring;

(b) Failing to adequately train Defendant WHITE;

(c) Failing to adequately supervise Defendant WHITE;

(d) Failing to enforce safety regulations and company policies; and

(e) Other acts of negligence to be shown at trial.

These acts and omissions, singularly or in combination with others, proximately caused the collision and Plaintiff's resulting injuries and damages.

13. As a direct and proximate result of the collision, Plaintiff suffered serious bodily injuries requiring immediate medical attention. Plaintiff has incurred the following damages:

(a) Past reasonable and necessary medical expenses;

(b) Reasonable and necessary medical expenses that, in reasonable medical probability, will be incurred in the future;

(c) Past physical pain and suffering;

(d) Physical pain and suffering that, in reasonable probability, will be suffered in the future;

(e) Past mental anguish;

(f) Mental anguish that, in reasonable probability, will be suffered in the future;

(g) Past physical impairment;

(h) Physical impairment that, in reasonable probability, will be suffered in the future;

(i) Past disfigurement;

(j) Disfigurement that, in reasonable probability, will be suffered in the future;

(k) Past loss of ability to perform household services;

(l) The ability to perform household services that, in reasonable probability, will be suffered in the future;

(m) Post loss of earnings and/or earning capacity; and

(n) Loss of earnings and/or earning capacity that, in reasonable probability, will be suffered in the future.

Accordingly, Plaintiff maintains this suit against Defendants, and each of them, jointly and severally, for each of Plaintiff's foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court of monetary relief in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), a demand for judgment for all the other relief to which Plaintiff deems herself entitled, plus pre-judgment and post-judgment interest on her damages as permitted by law.

14. Plaintiff respectfully asserts the request to be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for the injuries, losses and damages incurred,

and to be incurred, and that each element of Plaintiff's respective damages be considered separately and individually, segregating the past and future losses, so that pre-judgement interest due Plaintiff may be computed.

15. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable and has tendered the appropriate fee.

16. WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein; and that upon final determination of this cause of action, Plaintiff:

(a) have and recover judgment against Defendants, jointly and severally, for all actual damages to which she may be entitled;

(b) recover all pre-judgment and post-judgment interest as allowed by law;

(c) recover all costs of Court;

(d) recover reasonable and necessary attorney's fees incurred; and

(e) recover all such other and further relief, both general and special, in law or in equity, to which Plaintiff may show herself justly entitled and for which she will ever pray.

Respectfully submitted,

MATTHEWS & FORESTER

*/s/ Chad Matthews*

CHAD MATTHEWS
TSB # 00787980
FEDERAL ID #17004
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
(281) 535-3010 (FAX)
cmatthews@matforlaw.com

ATTORNEY IN CHARGE FOR PLAINTIFF